IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BRANDON BATES,　　　　　　　　　　CIVIL DIVISION

　　　　　Plaintiff;　　　　　　　　　　Docket No.:

vs.

MONTGOMERY COUNTY,

　and

JULIO ALGARIN, and

PAUL CARBO;

　　　　　　　　　　　　　　　　　　COMPLAINT IN CIVIL ACTION

　　　　　Defendants.　　　　　　　　Filed on behalf of Plaintiff:
　　　　　　　　　　　　　　　　　　BRANDON BATES

　　　　　　　　　　　　　　　　　　Counsel of Record for this Party:
　　　　　　　　　　　　　　　　　　Steven Auerbach, Esquire
　　　　　　　　　　　　　　　　　　Law Office of Steven T. Auerbach
　　　　　　　　　　　　　　　　　　822 Montgomery Ave.
　　　　　　　　　　　　　　　　　　Suite 210
　　　　　　　　　　　　　　　　　　Narberth, PA. 19072
　　　　　　　　　　　　　　　　　　Ph:　(215) 964-4410
　　　　　　　　　　　　　　　　　　Fax: (610) 667-7305
　　　　　　　　　　　　　　　　　　Auerbach.Steven@gmail.com
　　　　　　　　　　　　　　　　　　Pa. I.D. #317309

　　　　　　　　　　　　　　　　　　**JURY TRIAL DEMANDED**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRANDON BATES,<br>　　　　　Plaintiff;<br><br>vs.<br><br>MONTGOMERY COUNTY, et al.<br>　　　　　Defendants. | CIVIL DIVISION<br><br>Docket No.: |

## I. COMPLAINT IN CIVIL ACTION

Plaintiff, Brandon Bates ("Plaintiff"), by and through his undersigned counsel, Law Office of Steven T. Auerbach, hereby files this Complaint against Montgomery County, Pennsylvania ("Defendant County") and supervisors Julio Algarin ("Defendant Algarin") and Paul Carbo ("Defendant Carbo")(together, the "Defendants"), and in support thereof, avers as follows:

## II. INTRODUCTION

1. This action is brought to remedy violations of civil rights as secured by 42 U.S.C. § 1981 ("§ 1981"); the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States through 42 U.S.C. § 1983 ("§ 1983"); and employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq* ("Title VII"). and under the Pennsylvania Human Relations Act, 43 PA. Cons. Stat. § 951 *et seq* ("PHRA").

2. More specifically, Plaintiff seeks redress for a continuingly hostile environment consisting of frequently-repeated and often overheard racial slurs, ridicule, insults, and false accusations. Plaintiff further seeks redress for the disparate allocation of overtime, promotional opportunities, and Covid-19 hazard pay. Finally, Plaintiff seeks redress of Defendants' retaliation

which culminated in physical and verbal acts of intimidation and threats to his continued employment.

3. Consequently, Plaintiff prays for injunctive and declaratory relief; economic, compensatory, and punitive damages[1]; attorneys' fees, and all other appropriate relief pursuant to governing law(s).

## III. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law. There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

5. This Court may properly maintain personal jurisdiction over the Defendants because their contact with this State and this judicial district are sufficient for the exercise of jurisdiction-complying with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S, 310 (1945), and its progeny.

6. Pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and defendants are deemed to reside where they are subject to personal jurisdiction, rendering the Defendants "residents" of the Eastern District of Pennsylvania.

## IV. PARTIES

7. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

---

[1] Against Defendant Algarin and Defendant Carbo in their individual capacities under § 1981 and § 1983 only.

8. Plaintiff is an African American adult citizen of the United States and is a resident of Upper Darby, Pennsylvania.

9. At all times relevant to this action, Plaintiff was and remains a non-policy making, civil-servant "employee" of Defendant County within the meaning of 42 U.S.C. §2000e-f and related state law(s).

10. At all times relevant to this action, Plaintiff was an "at-will" employee of Defendant County whose relationship with Defendant County was and remains a "contract" protected under § 1981 and as set forth in *Fogarty v. City of Chicago*, 2001 U.S. Dist. LEXIS 12572 (N.D. IL 2001).

11. Defendant County is a municipality organized under the laws of Pennsylvania with a principal place of business in Montgomery County, Pennsylvania.

12. Defendant County is engaged in industries affecting interstate commerce and regularly conducts business in the Commonwealth of Pennsylvania.

13. Defendant County has and continues to employ over five hundred (500) employees per calendar year for at least the last five (5) years, and engages in a variety of revenue-generating business activities.

14. At all times relevant to this action, Defendant County was the "employer" of the Plaintiff within the meaning of 42 U.S.C. §2000e-(b), (g), and (h) and related state law(s); and is a governmental entity acting under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the Commonwealth of Pennsylvania.

15. At all times relevant to this action, Defendant County operated and operates the Montgomery County Correctional Facility (the "Prison") which is a correctional facility with a

supervisor and administrative body that is 82.9% White. Plaintiff is currently employed at the Prison as a Captain.

16. At all times relevant hereto, Defendant County instituted, acquiesced in, ratified and/or took action against Plaintiff on the basis of his race and on the basis his complaints of Defendant County employee misconduct.

17. Defendant County caused the violations set forth in this Complaint.

18. Defendant County failed to adequately train its employees to prevent and/or correct the violations set forth in this Complaint.

19. Defendant County failed to adequately supervise its employees to prevent and/or correct the violations set forth in this Complaint.

20. Defendant County failed to prevent and aided and abetted in the violations set forth in this Complaint.

21. Defendant Algarin is an adult citizen of the United States and is a resident of the Commonwealth of Pennsylvania. At all times relevant to this action, Defendant Algarin was and remains the warden of the Prison and is a policymaker with final, unreviewable discretion for administrative and employment-related matters within the County generally and within the Prison specifically.

22. Defendant Algarin is sued in his individual and official capacities[2].

23. Upon information and belief, Defendant Algarin was personally involved in the violations set forth in this Complaint.

---

[2] Defendant Algarin is sued in both his individual and official capacities under § 1983 and the PHRA. He is sued in his individual capacity under § 1981 as authorized under *Whaumbush v. City of Philadelphia*, 2011 U.S. Dist. LEXIS 39933 (E.D. Pa., Apr. 12, 2011).

24. Defendant Carbo is an adult citizen of the United States and is a resident of the Commonwealth of Pennsylvania. At all times relevant to this action, he was a supervisor of the Plaintiff.

25. Defendant Carbo is sued in his individual and official capacities[3].

26. Defendant Carbo was personally involved in the violations set forth in this Complaint.

27. Defendant Algarin and Defendant Carbo caused the violations set forth in this Complaint.

28. Upon information and belief, Defendants engaged in a pattern and practice of persistent and widespread constitutional and statutory violations as set forth in this Complaint.

29. Upon information and belief, Defendant Algarin and Defendant Carbo conspired with others to engage in the violations set forth in this Complaint.

30. Upon information and belief, Defendant Algarin and Defendant Carbo aided and abetted the violations set forth in this Complaint.

31. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

32. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

33. Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

---

[3] Like Defendant Algarin, Defendant Carbo is sued in both his individual and official capacities under § 1983 and PHRA. He is sued in his individual capacity under § 1981.

34. Plaintiff filed a timely charge of on-going employment discrimination and retaliation with the United States Equal Employment Opportunity Commission ("EEOC") on November 5, 2019 and directed same to cross-file with the Pennsylvania Human Relations Commission ("PHRC").

35. By operation of Plaintiff's EEOC filing, and with respect to his Title VII and PHRA claims, this Court is authorized to review all discrete discriminatory and retaliatory acts that occurred on or after January 19, 2019 along with all continuing-violations of the same type that occurred both before and after this date. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115-16 (2002).

36. Plaintiff received his "Right to Sue" notice from the EEOC after March 12, 2020.

37. Unless reasonably prevented by the current civil unrest related to George Floyd and/or the current pandemic, Plaintiff commenced the initial, unamended action within ninety (90) days of receipt of this notice.

## VI. FACTUAL ALLEGATIONS

38. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

39. In December of 1989 and extending through the present (the "Term of Employment"), Plaintiff worked for Defendant County in a variety of capacities.

40. Throughout the Term of Employment, Plaintiff consistently demonstrated excellent performance and dedication to Defendants. Plaintiff performed his job duties and responsibilities in a highly competent manner and has routinely received positive feedback.

41. Throughout the Term of Employment, Plaintiff reported to Defendant Carbo (White).

42. The Term of Employment, however, was marred to Plaintiff's determinant, by a hostile environment and by the Defendants' race-based manipulation of decisions regarding promotion and overtime allotment and by the Defendants' retaliatory conduct.

## HOSTILE ENVIRONMENT

43. Throughout the Term of Employment, Plaintiff endured racially-charged insults which include:

   I. <u>Pre- January 19, 2019 Incidents</u>
   a. In 2001, Officer Hoy referred to Plaintiff as "H.N.I.C" (Head N****r in Charge);
   b. In November 2005, Officer Interrante twice called Plaintiff a "Trained Monkey" and encouraged his subordinates to, "Just blame [your issues] on the Black man;"
   c. In 2010, Officer Dubost referred to Plaintiff and other Black employees as "N****rs;"
   d. In 2015, Officer Catania stated that "Blacks are no good;"
   e. In 1999, Officer Stofflet referred to Plaintiff as "Fucking useless." In May of 2000, Maintenance Supervisor Ventstresca threatened to take Plaintiff "Back 100 years [to a time significantly closer to slavery];"
   f. On January 23, 2018, Defendant Carbo agonizingly questioned Plaintiff in front of the staff by saying, "Why is this Black dummy on the floor?!"

   II. <u>Post- January 19, 2019 Incidents</u>
   a. In February 2019, Officer Hittle referred to Plaintiff as "Not being a real Captain" and that he is just a "Fill-in;"
   b. On August 15, 2019, Jen Decarlo said of Plaintiff that he was doing "typical N****r shit."

44. In February 2018, Defendant Carbo falsely accused Plaintiff of being a racist against White people and that the only reason Plaintiff filed a complaint against him (more-fully described below) relative to his "Black Dummy" comment was because he is White.

45. The repeated use of the word "N****r" against Plaintiff is severe harassment.

46. Plaintiff's race was a substantial motivating factor in this harassment.

47. Plaintiff believes, and therefore avers, that were he not an African American, he would not have been treated in this manner.

48. This harassment (along with the below-described retaliation) detrimentally affected Plaintiff's mental health through feelings of depression and anxiety.

49. This harassment would detrimentally affect a reasonable person in like circumstances.

## RETALIATION

### I. Pre- January 19, 2019 Incidents

50. In response to Defendant Carbo's January 23, 2018 "Black Dummy" slur, Plaintiff filed a grievance against Defendant Carbo on January 23, 2018.

51. Plaintiff's opposition of Defendant's racial discrimination is protected activy under Title VII and the PHRA.

52. Plaintiff's complaint was ignored by his supervisors despite his sending of multiple emails.

53. After his third follow up email in February 2018, Defendant Algarin demonstrated his knowledge of Plaintiff's protected activity, and threatened his job by stating, "if this complaint doesn't go away, you're fired."

54. On information and belief, this was Defendant Algarin's first opportunity to threaten Plaintiff relative to his protected activity.

55. In the intervening time between February 2018 and January 18, 2019, Defendant Algarin made numerous threats to Plaintiff about terminating his position.

II. Post- January 19, 2019 Incidents

56. The most recent threat by Defendant Algarin to Plaintiff relative to his complaint occurred in September 2019 where Defendant Algarin cornered Plaintiff, placed his finger in his face, raised his voice, and told him to end his complaint "or else."

57. That month, and with full staff knowledge as to the racial animosity between Defendant Paul Carbo and Plaintiff, Plaintiff's Offender Management System password was reset to "Paulis*****".

58. On multiple dates to be identified in discovery, but after January 19, 2019, Plaintiff requested, but was denied, the ability to earn overtime or receive Covid-19 "hazard pay".

59. Defendants' repeated threats of termination and public ridicule were sufficiently adverse as to potentially dissuade a reasonable worker from making or supporting a charge of discrimination.

60. Defendants' actions are causally-connected to Plaintiff's protected activity by sequence, by unusually suggestive temporal proximity, and by the non-isolated pattern of antagonism.

61. Tellingly, Defendant Carbo was "directed" to take sensitivity training for his role in Plaintiff's abuse, but no steps were taken by Defendant County or Defendant Algarin to ensure that he actually would take this training.

62. On information and belief, Defendant Carbo has yes to take this training.

63. The continuous retaliation that Plaintiff has experienced has caused him the above-referenced physical and emotional distress.

## DISPARATE TREATMENT

64. Plaintiff, as an African American, is a member of a protected class.

65. Plaintiff is not only qualified for his current position of Captain, but is qualified for the position of Major as he currently occupies various duties performed by previous Majors.

66. Plaintiff, who was hired on December 26, 1989 and reports to Defendant Carbo believes, and therefore avers, that he is similarly situated to one or more of the following individuals:

|    | Name       | Race  | Rank    | Supervisor | Start Date |
|----|------------|-------|---------|------------|-----------:|
| a. | Majewski   | White | Captain | Carbo      | 10/9/1990  |
| b. | Interrante | White | Captain | Carbo      | 6/13/1987  |
| c. | Moyer      | White | Captain | Carbo      | 12/16/1996 |
| d. | Berger     | White | Captain | Carbo      | 1/16/2001  |
| e. | Langton    | White | Captain | Carbo      | 9/8/2008   |

67. Plaintiff believes that he is similarly situated to these individuals (and possibly other White employees), because they share the same rank, the same supervisor, the same shift-coverage responsibilities, and have comparable levels of longevity.

68. On multiple dates to be identified in discovery, Plaintiff requested the ability to receive overtime and emergency Covid-19 hazard pay like the individuals listed in Paragraph 66 do.

69. Plaintiff was denied this request and remains the only African American Captain in the Prison not to receive these benefits.

70. On multiple dates to be identified in discovery, Plaintiff was passed over for promotion to the rank of Major and Defendants sought to, or did fill the position, with a similarly-qualified person(s) who was/were not African American.

71. The above adversely affected the benefits, privileges, terms, and conditions of his contractual relationship.

72. Defendants' actions against Plaintiff were motivated by his race.

### COUNT I: BATES V. MONTGOMERY COUNTY, et al.
### Title VII- Discriminaiton, Retaliation, and Hostile Environment
### (Montgomery County)

73. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

74. By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant County has violated Title VII.

75. Defendant County's actions, as set forth above, has created a hostile work environment for Plaintiff, which Defendant County unreasonably failed to prevent, remedy, and/or correct.

76. As a direct and proximate result of Defendant County's violation of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorney's fees and costs.

77. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

78. No previous application has been made for the relief requested herein.

### COUNT II: BATES V. MONTGOMERY COUNTY, et al.
### PHRA- Discriminaiton, Retaliation, and Hostile Environment
### (All Defendants)

79. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

80. By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendants have violated the PHRA.

81. Defendants' actions, as set forth above, have created a hostile work environment for Plaintiff, which Defendants unreasonably failed to prevent, remedy, and/or correct.

82. As a direct and proximate result of Defendants' violation of the PHRA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorney's fees and costs.

83. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

84. No previous application has been made for the relief requested herein.

### COUNT III: BATES V. MONTGOMERY COUNTY, et al.
### Deprivation of Rights Under the Equal Protection Clause of the United States Constitution Cognizable Under 42 U.S.C. § 1983
### (All Defendants)

85. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

86. By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendants have deprived Plaintiff of equal protection under the law as guaranteed by the Fourteenth Amendment of the United States Constitution.

87. Defendants' violation of the Constitution included policies, practices, and/or customs to treat African American employees in Defendant County's Prison less favorably than non-African American employees, which was committed, directed, implemented, and/or ratified by officials of Defendant County in supervisory capacities with policymaking and decision-making authority.

88. Defendants' wrongful acts and conduct were done with deliberate indifference to Plaintiff's statutory and constitutional rights.

89. As a direct and proximate result of Defendants' acts and conduct which caused and continued to cause Plaintiff to be denied equal protection under the law, Plaintiff has suffered and will suffer those injuries, damages, and losses alleged herein and has incurred and will incur attorneys fees and costs.

### COUNT IV: BATES V. MONTGOMERY COUNTY, et al.
### § 1981- Discrimination and Retaliation
### (Carbo and Algarin)

90. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

91. By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendants Carbo and Algarin intentionally denied Plaintiff the enjoyment of the benefits and/or terms and conditions of his contractual relationship.

92. In so doing, Defendants Carbo and Algarin violated § 1981 in their individual capacities.

93. Defendant Carbo and Algarin's wrongful acts were done with a reckless or callous disregard of, or indifference to, the rights and safety of Plaintiff.

94. As a direct and proximate result of Defendants Carbo and Algarin's violation of the § 1981, Plaintiff has suffered the damages and losses set forth herein and has incurred attorney's fees and costs.

95. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants Carbo and Algarin's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

a. Issue a declaratory judgment that the acts, policies, and practices complained herein are in violation of § 1981, the Equal Protection Clause, Title VII, and the PHRA; and

b. Enjoin Defendants from continuing its acts, policies, and practices which violate § 1981, the Equal Protection Clause, Title VII, and the PHRA; and

c. Direct Defendant to reinstate/promote Plaintiff to the position he would have occupied but for Defendants' unlawful conduct, making him whole for all earnings he would have received but for Defendants' unlawful conduct, including but not limited to wages, overtime, bonuses and other lost benefits; and

d. Direct Defendants to make Plaintiff whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, with interest, in amounts to be determined at trial; and

e. Direct Defendants to make Plaintiff whole by providing compensation for past and future non-pecuniary losses caused by the above unlawful conduct, including pain and suffering, emotional distress, indignity, loss of enjoyment of life, loss of self-esteem, and humiliation, in amounts to be determined at trial; and

f. Grant an award of costs of suit, expert fees and other disbursements, along with reasonable attorneys' fees;

g. Grant an award of punitive damages against Defendants Carbo and Algarin; and

h. Grant such other relief as the Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to FRCP 38(b), Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

**LAW OFFICE OF STEVEN T. AUERBACH**

By: _____
Steven T. Auerbach, Esq.
822 Montgomery Ave.
Suite 210
Narberth, PA 19072
(215) 964-4410
Auerbach.Steven@gmail.com

*Attorney for Plaintiff*

Dated: June 8, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRANDON BATES, | ) | CIVIL DIVISION |
| Plaintiff; | ) | |
| | ) | Docket No.: |
| vs. | ) | |
| | ) | |
| MONTGOMERY COUNTY, et al. | ) | |
| Defendants. | ) | |

## **VERIFICATION**

The undersigned hereby states that the statements of fact made in the foregoing document are true and correct to the best of my information and belief. The language of the document was prepared on the advice of my attorney and any legal claims or legal defenses asserted in the document are pleaded on the advice of my attorney. If the document contains averments which are inconsistent in fact, then I have been unable after reasonable investigation to ascertain which of the inconsistent averments are true, but to the best of my information and belief, one of them is true. I understand that false statements made herein are subject to the penalties of 28 U.S.C. §1746 relating to unsworn falsification to authorities.

Dated: 6/8/20          Brandon Bates / SA
                       BRANDON BATES